UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DILLEN J. ENDRES,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>STATE OF IDAHO, SHOSONE COUNTY, KOOTENAI COUNTY,<br><br>　　　　　Respondents. | Case No. 2:25-cv-00636-DKG<br><br>**INITIAL REVIEW ORDER** |

　　　　Dillen J. Endres (Petitioner) has filed a Petition for Writ of Habeas Corpus. He is in custody of the Kootenai County Jail, being held on behalf of the state of Idaho and the Idaho Department of Probation and Parole. In September 2025, while on parole, he was arrested on felony charges in Shoshone County Court Case No. CR40-25-1485, but they have been dismissed by the prosecutor.

　　　　After 52 days of incarceration, Petitioner had an onsite parole revocation hearing. He asserts this delay was too lengthy to satisfy due process (although at least a portion of his incarceration may have been attributable to pretrial detention upon the new criminal charges that were later dismissed). Petitioner states that his parole was revoked without a finding of guilt and he continues to be held at the Kootenai County Jail without bail (and Petitioner has not stated legal grounds showing a convicted felon parolee is entitled to bail under such circumstances).

**INITIAL REVIEW ORDER - 1**

Title 28 U.S.C. § 2254 governs federal habeas corpus challenges to final state criminal judgments, while § 2241 governs challenges of pretrial detainees in currently-pending cases with no final judgments. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Because Petitioner is a convicted felon under a current state of Idaho sentence and his parole has been revoked, the Court will apply § 2254.

A petition for habeas corpus relief under 28 U.S.C. § 2254 must allege that the petitioner is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). When a person is detained under a state court conviction, 28 U.S.C. § 2254 remains the proper provision governing habeas corpus relief, even if the petition challenges a state administrative decision, such as revocation of parole. *Shelby v. Bartlett*, 391 F.3d 1061 (9th Cir. 2004).

*Habeas corpus*, translated from Latin, means "produce the body." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Thus, a jurisdictional requirement for habeas corpus actions is the naming of a proper respondent—one who has the power to produce the petitioner if a writ issues. In a circumstance where the petitioner is in custody, the proper respondent is usually the warden of the facility where the petitioner is incarcerated.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Brittingham*, 982 F.2d at 379 (citing *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not a custodian, despite its power to release the petitioner)). If the petitioner is not in custody or unusual custody circumstances exist (such as a person under legal but not physical custody of a government), the proper respondent is "the

**INITIAL REVIEW ORDER - 2**

entity or person who exercises legal control with respect to the challenged 'custody,'" *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004).

The Court is required to review the petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Summary dismissal is appropriate when a petitioner has not "exhausted" his state court remedies before filing a federal habeas corpus petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must give the state courts a full opportunity to correct any constitutional error by invoking one complete round of the state's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Idaho, this means that a petitioner must raise his constitutional claim in a proper manner in the Idaho Supreme Court.

Unless a petitioner has exhausted his state court remedies available for a claim, a federal district court cannot grant relief. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement may be excused if one of two conditions is met: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

It appears that a state corrective process is available and effective in protecting the rights of imprisoned persons who have been convicted of parole violations, such as Petitioner. The right to petition for a writ of habeas corpus is protected both by Idaho statute and by the Idaho Constitution. Idaho Code §§ 19-4201–4226; Idaho Const. art. I, §

**INITIAL REVIEW ORDER - 3**

5. Under Idaho's statutory habeas corpus provisions, a prisoner may ask a state district court to inquire into federal constitutional questions regarding revocation of parole and detainers. Idaho Code § 19-4203(2). In addition, the state statutory provision on habeas corpus relief does not limit the traditional scope of the right to habeas corpus that is contained within Article I, Section 5 of the Idaho Constitution. *See Dopp v. Idaho Com'm of Pardons and Parole*, 84 P.3d 593, 596 (Idaho Ct. App. 2004).

Because the record contains no grounds to excuse the Petitioner's failure to exhaust, the Petition appears subject to dismissal without prejudice, but Petitioner may respond to this preliminary assessment. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case, this case shall be reassigned to a United States District Judge. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

## ORDER

**IT IS ORDERED:**

1. This case is reassigned to a United States District Judge for consideration of dismissal.
2. Petitioner must amend the Petition to state a correct respondent.
3. Petitioner must either pay the filing fee of $5.00 or file an in forma pauperis request if he has not already done so.
4. Petitioner may file a response to this Order within 14 days, which may include a notice of voluntary dismissal.

**INITIAL REVIEW ORDER - 4**

DATED: November 10, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 5**